1  DAVID J. VAN HAVERMAAT (Cal. Bar No. 175761)
   E-mail: vanhavermaatd@sec.gov
2  LORRAINE B. ECHAVARRIA (Cal. Bar No. 191860)
   E-mail: echavarrial@sec.gov
3  TERI M. MELSON (Cal. Bar No. 185209)
   E-mail: melsont@sec.gov
4
   Attorneys for Plaintiff
5  Securities and Exchange Commission
   Rosalind R. Tyson, Regional Director
6  Michele Wein Layne, Associate Regional Director
   John M. McCoy III, Regional Trial Counsel
7  5670 Wilshire Boulevard, 11th Floor
   Los Angeles, California 90036
8  Telephone:  (323) 965-3998
   Facsimile:  (323) 965-3908
9

FILED
CLERK, U.S. DISTRICT COURT

JUL 2 7 2009

CENTRAL DISTRICT OF CALIFORNIA
BY                           DEPUTY

                    UNITED STATES DISTRICT COURT

10

11                  CENTRAL DISTRICT OF CALIFORNIA

12                        SOUTHERN DIVISION

13

14 SECURITIES AND EXCHANGE          Case No.  CV09-5449 ODW(RCX)
   COMMISSION,
15                                  [PROPOSED] TEMPORARY
              Plaintiff,            RESTRAINING ORDER AND
16                                  ORDERS: (1) FREEZING ASSETS;
         vs.                        (2) REQUIRING ACCOUNTINGS;
17                                  (3) REPATRIATING ASSETS;
   DIVERSITY CAPITAL INVESTMENTS,   (4) PROHIBITING THE
18 INC.; DIVERSITY CAPITAL BANCORP  DESTRUCTION OF DOCUMENTS;
   DE MEXICO LTD.; STRONG'S         AND (5) GRANTING EXPEDITED
19 CAPITAL INVESTMENTS, INC.; THE   DISCOVERY; AND ORDER TO
   OPTIMUS FUND, INC.; DAMIAN       SHOW CAUSE RE PRELIMINARY
20 MENESES; EDWARD LANTZ            INJUNCTION
   FERGUSON, and JOEL S. LEY, JR.,
21
              Defendants,
22
   and
23
   JUAN GALINDO FLORES and
24 SOCORRO TERLIZZI,

25            Relief Defendants.

26

27

28

1        This matter came to be heard upon Plaintiff Securities and Exchange

2   Commission's ("Commission") *Ex Parte* Application For A Temporary

3   Restraining Order and Orders: (1) Freezing Assets; (2) Requiring Accountings; (3)

4   Repatriating Assets; (4) Prohibiting The Destruction Of Documents; And (5)

5   Granting Expedited Discovery; And Order To Show Cause Re Preliminary

6   Injunction (the "Application").

7        The Court, having considered the Commission's Complaint, the Application,

8   the supporting Memorandum of Points and Authorities, Declarations and Exhibits,

9   and all other evidence and argument presented regarding the Application, finds that:

10      A.   This Court has jurisdiction over the parties to, and the subject matter

11            of, this action.

12      B.   Good cause exists to believe that defendants Diversity Capital

13            Investments, Inc. ("Diversity Capital"), Diversity Capital Bancorp de

14            Mexico Ltd. ("DCBM"), Strong's Capital Investments, Inc. ("Strong's

15            Capital"), The Optimus Fund, Inc. ("Optimus Fund"), Damian

16            Meneses, a/k/a Damian Meneces, a/k/a Abel Dominguez Meneces,

17            a/k/a Francisco D. Dominguez Meneses ("Meneses"), Edward Lantz

18            Ferguson ("Ferguson"), and Joel S. Ley, Jr. ("Ley") (collectively,

19            "Defendants"), and each of them, have engaged in, are engaging in,

20            and are about to engage in transactions, acts, practices and courses of

21            business that constitute violations of Sections 5(a), 5(c), and 17 of the

22            Securities Act of 1933 ("Securities Act"), 15 U.S.C. §§ 77e(a), 77e(c),

23            and 77q(a); and Section 10(b) of the Securities Exchange Act of 1934

24            ("Exchange Act"), 15 U.S.C. § 78j(b), and Rule 10b-5 thereunder, 17

25            C.F.R. § 240.10b-5.

26      C.   The Commission has demonstrated a probability of success on the

27            merits and the possibility of dissipation of assets.

28      D.   Good cause exists to believe that Defendants will continue to engage

1    in such violations to the immediate and irreparable loss and damage to

2    investors and to the general public unless they are restrained and

3    enjoined.

4    E.    It is appropriate and the interests of justice require that the

5    Commission's Application be granted without notice to Defendants as

6    the Commission set forth in its Application, pursuant to Local Rule 7-

7    19.2, the reasons supporting its claim that notice should not be

8    required, and it appears from specific facts shown by the declarations

9    and other supporting evidence filed by the Commission that immediate

10    and irreparable injury, loss, or damage will result if notice to

11    Defendants is given.

**I.**

13    IT IS HEREBY ORDERED that the Commission's Application For A

14    Temporary Restraining Order and Orders: (1) Freezing Assets; (2) Requiring

15    Accountings; (3) Repatriating Assets; (4) Prohibiting The Destruction Of

16    Documents; And (5) Granting Expedited Discovery; And Order To Show Cause

17    Re Preliminary Injunction is hereby GRANTED.

**II.**

19    IT IS FURTHER ORDERED that Defendants Diversity Capital, DCBM,

20    Strong's Capital, Optimus Fund, Meneses, Ferguson, and Ley, and their officers,

21    agents, servants, employees, attorneys, subsidiaries and affiliates, and those

22    persons in active concert or participation with any of them, who receive actual

23    notice of this Order, by personal service or otherwise, and each of them, be and

24    hereby are temporarily restrained and enjoined from, directly or indirectly, making

25    use of any means or instruments of transportation or communication in interstate

26    commerce or of the mails, to sell, to offer to sell, or to offer to buy any security, or

27    carrying or causing securities to be carried through the mails or in interstate

28    commerce, by any means or instruments of transportation, for the purpose of sale

2

1 | or delivery after sale, in violation of Sections 5(a) and 5(c) of the Securities Act, 15
2 | U.S.C. §§ 77(e)(a) & 77(e)(c).

### III.

4 | IT IS FURTHER ORDERED that Defendants Diversity Capital, DCBM,
5 | Strong's Capital, Optimus Fund, Meneses, Ferguson, and Ley, and their officers,
6 | agents, servants, employees, attorneys, subsidiaries and affiliates, and those
7 | persons in active concert or participation with any of them, who receive actual
8 | notice of this Order, by personal service or otherwise, and each of them, be and
9 | hereby are temporarily restrained and enjoined from, directly or indirectly, in the
10 | offer or sale of any securities, by the use of any means or instruments of
11 | transportation or communication in interstate commerce or by use of the mails:

12 | A. employing any device, scheme or artifice to defraud;
13 | B. obtaining money or property by means of any untrue statement of a
14 | material fact or any omission to state a material fact necessary in
15 | order to make the statements made, in light of the circumstances
16 | under which they were made, not misleading; or
17 | C. engaging in any transaction, practice, or course of business which
18 | operates or would operate as a fraud or deceit upon the purchaser
19 | in violation of Section 17(a) of the Securities Act, 15 U.S.C. § 77q(a).

### IV.

21 | IT IS FURTHER ORDERED that Defendants Diversity Capital, DCBM,
22 | Strong's Capital, Optimus Fund, Meneses, Ferguson, and Ley, and their officers,
23 | agents, servants, employees, attorneys, subsidiaries and affiliates, and those
24 | persons in active concert or participation with any of them, who receive actual
25 | notice of this Order, by personal service or otherwise, and each of them, be and
26 | hereby are temporarily restrained and enjoined from, directly or indirectly, in
27 | connection with the purchase or sale of any security, by the use of any means or
28 | instrumentality of interstate commerce, or of the mails, or of any facility of any

1   national securities exchange:

2       A.    employing any device, scheme, or artifice to defraud;

3       B.    making any untrue statement of a material fact or omitting to state a

4             material fact necessary in order to make the statements made, in the

5             light of the circumstances under which they were made, not

6             misleading; or

7       C.    engaging in any act, practice, or course of business which operates or

8             would operate as a fraud or deceit upon any person

9   in violation of Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule

10  10b-5 thereunder, 17 C.F.R. § 240.10b-5.

11                                          **V.**

12        IT IS FURTHER ORDERED that all content shall be removed from the

13  Internet web sites www.diversitycapital.co.nz, www.diversitydemexico.com,

14  www.dcbm.com, and www.theoptimusfund.com, and any other web sites through

15  which Defendants Diversity Capital, DCBM, Strong's Capital, Optimus Fund,

16  Meneses, Ferguson, or Ley offer or advertise their purported foreign currency

17  trading investment programs, and that Defendants Diversity Capital, DCBM,

18  Strong's Capital, Optimus Fund, Meneses, Ferguson, and Ley shall take whatever

19  action is required to remove the content from the above-described web sites.

20                                          **VI.**

21        IT IS FURTHER ORDERED that, except as otherwise ordered by this Court,

22  Defendants Diversity Capital, DCBM, Strong's Capital, Optimus Fund, Meneses,

23  Ferguson, and Ley, and their officers, agents, servants, employees, attorneys,

24  subsidiaries and affiliates, and those persons in active concert or participation with

25  any of them, who receive actual notice of this Order, by personal service or

26  otherwise, and each of them, be and hereby are temporarily restrained and enjoined

27  from, directly or indirectly, transferring, assigning, selling, hypothecating,

28  changing, wasting, dissipating, converting, concealing, encumbering, or otherwise

1  disposing of, in any manner, any funds, assets, securities, claims, or other real or
2  personal property, including any notes or deeds of trust or other interests in real
3  property, wherever located, of Defendants Diversity Capital, DCBM, Strong's
4  Capital, Optimus Fund, Meneses, Ferguson, and/or Ley, and their subsidiaries and
5  affiliates, whether owned by, controlled by, managed by or in the possession or
6  custody of any of them, and from transferring, encumbering, dissipating, incurring
7  charges or cash advances on any debit or credit card or the credit arrangement of
8  Defendants Diversity Capital, DCBM, Strong's Capital, Optimus Fund, Meneses,
9  Ferguson, and/or Ley.

10                                              **VII.**

11        IT IS FURTHER ORDERED that, except as otherwise ordered by this
12  Court, an immediate freeze shall be placed on all monies and assets (with an
13  allowance for necessary and reasonable living expenses to be granted only upon
14  good cause shown by application to the Court with notice to and an opportunity for
15  the Commission to be heard) in all accounts at any bank, financial institution,
16  brokerage firm, or Internet or "e-currency" payment processor, all certificates of
17  deposit, and other funds or assets, such as personal or real property, held in the
18  name of, for the benefit of, or over which account authority is held by Defendants
19  Diversity Capital, DCBM, Strong's Capital, Optimus Fund, Meneses, Ferguson,
20  and/or Ley, and/or Relief Defendants Juan Galindo Flores, a/k/a Juan Flores
21  Galindo ("Flores") or Socorro Terlizzi ("Terlizzi") or any trust, partnership, joint
22  venture, person or entity affiliated with any of them (including subsidiaries),
23  including but not limited to the following accounts:
24  ///
25  ///
26  ///
27  ///
28  ///

| Financial Institution, Bank or e-currency entity | Account Name | Account Number |
|---|---|---|
| Bank of America | Diversity Capital Investments, Inc. | XXXXX-X4233 |
| Bank of America | Diversity Capital Investments, Inc. | XXXXX-X7811 |
| Bank of America | Diversity Capital Investments, Inc. | XXXXX-X7830 |
| Bank of America | Diversity Capital Investments, Inc. Expense Account | XXXXX-X7816 |
| Bank of America | Diversity Capital Investments, Inc. Socorro Terlizzi | XXXXX-X4209 |
| Bank of America | Diversity Capital Investments, Inc. Socorro Terlizzi | XXXXX-X7243 |
| Bank of America | Diversity Capital Investments, Inc. Socorro Terlizzi | XXXXX-X4210 |
| Bank of America | Damian Meneses Socorro Terlizzi | XXXXX-X7247 |
| Bank of America | Joel S. Ley | XXXXX-X1338 |
| Bank of America | Joel S. Ley | XXXXX-X9953 |
| Bank of America | Joel S. Ley | XXXXX3823 |
| Bank of America | The Optimus Fund, Inc. | XXXXX-X1767 |
| Bank of America | The Optimus Fund, Inc. | XXXXX-X1766 |
| Bank of America | The Optimus Fund, Inc. | XXXXX-X0807 |
| Bank of America | Juan G. Flores | XXXXX-X7674 |
| Bank of America | Home Solutions SD Home Solutions, Inc. | XXXXX-X4231 |
| Bank of America | Home Solutions SD Home Solutions, Inc. | XXXXX-X4232 |
| Bank of America | Joseph Capital Investments LLC (Expense Account) | XXXXX-X4681 |
| Bank of America | Haruna E. Matsumoto | XXXXX-X0682 |
| Bank of America | Haruna E. Matsumoto | XXXXX-X8492 |

6

| Financial Institution, Bank or e-currency entity | Account Name | Account Number |
|---|---|---|
| Bank of America | SD Financial Solutions, Inc. | XXXXX-X4228 |
| Bank of America | Joseph Capital Investments LLC | XXXXX1573 |
| Bank of America | Joseph Capital Fund LP | XXXXXXX1574 |
| Bank of America | Juan Gabriel Flores-Galindo | XXXXX7674 |
| Citi Bank | Joel S. Ley | XXX3853 |
| Union Bank of America | Joel S. Ley | XXXXXX4092 |
| Wells Fargo Bank, N.A. | Strong's Capital Investments, Inc. | XXX-XXX7677 |
| Wells Fargo Bank, N.A. | SD Automotive | XXX-XXX6511 |
| Wells Fargo Bank, N.A. | SD Automotive | XXX-XXX8808 |
| Wells Fargo Bank, N.A. | SD Automotive | XXX-XXX5108 |
| Wells Fargo Bank, N.A. | SD Automotive | XXX-XXX6789 |
| Wells Fargo Bank, N.A. | SD Automotive | XXX-XXX1779 |
| Wells Fargo Bank, N.A. | SD Automotive | XXX-XXX8738 |
| Wells Fargo Bank, N.A. | Strong's Capital Investments, Inc. | XXX-XXX3051 |
| Wells Fargo Bank | Strong's Capital Investments, Inc. | XXXXXX7677 |

## VIII.

IT IS FURTHER ORDERED that representatives of the Commission are authorized to have continuing access to inspect or copy any or all of the corporate books and records and other documents of Diversity Capital, DCBM, Strong's Capital, and Optimus Fund, and their subsidiaries and affiliates, and continuing

7

1   access to inspect their funds, property, assets and collateral, wherever located.

**IX.**

3       IT IS FURTHER ORDERED that, except as otherwise ordered by this

4   Court, Defendants Diversity Capital, DCBM, Strong's Capital, Optimus Fund,

5   Meneses, Ferguson, and Ley, and their officers, agents, servants, employees,

6   attorneys, subsidiaries and affiliates, and those persons in active concert or

7   participation with any of them, who receive actual notice of this Order, by personal

8   service or otherwise, and each of them, be and hereby are temporarily restrained

9   and enjoined from, directly or indirectly: destroying, mutilating, concealing,

10   transferring, altering, or otherwise disposing of, in any manner, any documents,

11   which includes all books, records, computer programs, computer files, computer

12   printouts, contracts, correspondence, memoranda, brochures, or any other

13   documents of any kind in their possession, custody or control, however created,

14   produced, or stored (manually, mechanically, electronically, or otherwise),

15   pertaining in any manner to Diversity Capital, DCBM, Strong's Capital, or

16   Optimus Fund.

**X.**

18       IT IS FURTHER ORDERED that Defendants Diversity Capital, DCBM,

19   Strong's Capital, Optimus Fund, Meneses, Ferguson, and Ley shall, within five

20   days of the date of issuance of this Order, prepare and deliver to the Commission a

21   detailed and complete schedule of all assets of Diversity Capital, DCBM, Strong's

22   Capital, Optimus Fund, Meneses, Ferguson, and Ley, including all real and

23   personal property exceeding $5,000 in value, and all bank, securities, futures,

24   Internet payment processor, and other accounts identified by institution, branch

25   address and account number.  The accountings shall include a description of the

26   source(s) of all such assets.  Such accountings shall be filed with the Court and

27   copies shall be delivered to the attention of Teri M. Melson at the Commission's

28   Los Angeles Regional Office located at 5670 Wilshire Boulevard, 11th Floor, Los

8

1    Angeles, California 90036.  After completion of the accountings, Diversity Capital,
2    DCBM, Strong's Capital, Optimus Fund, Meneses, Ferguson, and Ley shall
3    produce to the Commission's Los Angeles Regional Office, at a time agreeable to
4    the Commission, all books, records and other documents supporting or underlying
5    the accountings.

6                                                    **XI.**

7           IT IS FURTHER ORDERED that the Commission's application for
8    expedited discovery is granted and that, immediately upon entry of this Order, the
9    Commission may take depositions upon oral examination and obtain document
10   production from parties and non-parties subject to two business days notice; and
11   may serve interrogatories and requests for admissions, subject to response within
12   five calendar days of service.  Service of all expedited discovery requests shall be
13   proper if made upon the parties by facsimile, electronic mail, or overnight courier.
14   The times applicable to discovery under the Federal Rules of Civil Procedure shall
15   govern discovery requests propounded after the expiration of this Temporary
16   Restraining Order.

17                                                   **XII.**

18          IT IS FURTHER ORDERED that, within ten days from the date of this
19   Order, Defendants Diversity Capital, DCBM, Strong's Capital, Optimus Fund,
20   Meneses, Ferguson, and Ley, and Relief Defendants Flores and Terlizzi, and each
21   of them, shall transfer to the registry of this Court all assets, funds, and other
22   property held in foreign locations in the name of Diversity Capital, DCBM,
23   Strong's Capital, Optimus Fund, Meneses, Ferguson, Ley, Flores or Terlizzi, or for
24   the benefit or under the direct or indirect control of any of them, or over which any
25   of them exercise control or signatory authority.
26   ///
27   ///
28   ///

**XIII.**

IT IS FURTHER ORDERED that this Temporary Restraining Order shall expire at 4 o'clock p.m. on ___August 6___, 2009, unless, for good cause shown, it is extended or unless the parties against whom it is directed consent that it may be extended for a longer period.

**XIV.**

IT IS FURTHER ORDERED that at 4 o'clock p.m. on ___August 6___, 2009, or as soon thereafter as the parties can be heard, Defendants, and each of them, shall appear before the Honorable ___Otis D. Wright II___, Judge of the United States District Court for the Central District of California, to show cause, if there be any, why a preliminary injunction should not be granted in accordance with the prayer for relief contained in the Complaint filed by the Commission. Any declarations, affidavits, points and authorities, or other submissions in support of, or in opposition to, the issuance of such an Order shall be filed with the Court and delivered to the Commission's Los Angeles Regional Office and the offices of Defendants and/or their attorneys no later than 4 o'clock p.m. on ___August 3___, 2009. Any reply papers shall be filed with the Court and delivered to opposing counsel no later than 4 o'clock p.m. on ___August 5___, 2009. Service of all such papers shall be made by facsimile, electronic mail, or personal service.

///
///
///
///
///
///
///
///

10

## XV.

IT IS FURTHER ORDERED that this Court shall retain jurisdiction over this action for the purpose of implementing and carrying out the terms of all orders and decrees which may be entered herein and to entertain any suitable application or motion for additional relief within the jurisdiction of this Court.

IT IS SO ORDERED.

DATED: July 27, 2009

TIME: 1:45 o'clock P.m.

_____
UNITED STATES DISTRICT JUDGE

Presented by:

_____
David J. Van Havermaat
Lorraine B. Echavarria
Teri M. Melson
Attorneys for Plaintiff
Securities and Exchange Commission

11