DAVID J. VAN HAVERMAAT (Cal. Bar No. 175761)
E-mail: vanhavermaatd@sec.gov
LORRAINE B. ECHAVARRIA (Cal. Bar No. 191860)
E-mail: echavarrial@sec.gov
TERI M. MELSON (Cal. Bar No. 185209)
E-mail: melsont@sec.gov

Attorneys for Plaintiff
Securities and Exchange Commission
Rosalind R. Tyson, Regional Director
Michele Wein Layne, Associate Regional Director
John M. McCoy III, Regional Trial Counsel
5670 Wilshire Boulevard, 11th Floor
Los Angeles, California 90036
Telephone: (323) 965-3998
Facsimile: (323) 965-3908

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>DIVERSITY CAPITAL INVESTMENTS, INC.; DIVERSITY CAPITAL BANCORP DE MEXICO LTD.; STRONG'S CAPITAL INVESTMENTS, INC.; THE OPTIMUS FUND, INC.; DAMIAN MENESES; EDWARD LANTZ FERGUSON, and JOEL S. LEY, JR.<br><br>Defendants,<br><br>and<br><br>JUAN GALINDO FLORES and SOCORRO TERLIZZI,<br><br>Relief Defendants. | Case No. CV-09-5449-ODW-RCx<br><br>[PROPOSED] PRELIMINARY INJUNCTION AND ORDERS: (1) FREEZING ASSETS; (2) REQUIRING ACCOUNTINGS; (3) REPATRIATING ASSETS; (4) PROHIBITING THE DESTRUCTION OF DOCUMENTS; AND (5) GRANTING EXPEDITED DISCOVERY |

This matter came to be heard upon Plaintiff Securities and Exchange Commission's ("Commission") *Ex Parte* Application For A Temporary Restraining Order and Orders: (1) Freezing Assets; (2) Requiring Accountings; (3) Repatriating Assets; (4) Prohibiting The Destruction Of Documents; And (5) Granting Expedited Discovery; And Order To Show Cause Re Preliminary Injunction (the "Application"). On July 27, 2009, the Court granted the Commission's Application and issued a Temporary Restraining Order and Orders: (1) Freezing Assets; (2) Requiring Accountings; (3) Repatriating Assets; (4) Prohibiting The Destruction Of Documents; And (5) Granting Expedited Discovery; And Order To Show Cause Re Preliminary Injunction ("TRO"), which ordered the defendants to show cause, if there be any, why a preliminary injunction should not be granted in accordance with the complaint filed by the Commission. On August 6, 2009, the Court extended the Temporary Restraining Order until August 17, 2009.

The Court, having considered the Commission's Complaint, the Application, the supporting Memorandum of Points and Authorities, the Reply and Request to Extend TRO, the Reply Memorandum of Points and Authorities, Declarations and Exhibits, and all other evidence and argument presented, finds that:

    A.    This Court has jurisdiction over the parties to, and the subject matter of, this action.

    B.    Good cause exists to believe that defendants Diversity Capital Investments, Inc. ("Diversity Capital"), Diversity Capital Bancorp de Mexico Ltd. ("DCBM"), Strong's Capital Investments, Inc. ("Strong's Capital"), The Optimus Fund, Inc. ("Optimus Fund"), Damian Meneses, a/k/a Damian Meneces, a/k/a Abel Dominguez Meneces, a/k/a Francisco D. Dominguez Meneses ("Meneses"), Edward Lantz Ferguson ("Ferguson"), and Joel S. Ley, Jr. ("Ley") (collectively, "Defendants"), and each of them, have engaged in, are engaging in,

1

and are about to engage in transactions, acts, practices and courses of business that constitute violations of Sections 5(a), 5(c), and 17 of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. §§ 77e(a), 77e(c), and 77q(a); and Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78j(b), and Rule 10b-5 thereunder, 17 C.F.R. § 240.10b-5.

C. The Commission has demonstrated a probability of success on the merits and the possibility of dissipation of assets.

D. Good cause exists to believe that Defendants will continue to engage in such violations to the immediate and irreparable loss and damage to investors and to the general public unless they are restrained and enjoined.

## I.

IT IS HEREBY ORDERED that the Commission's request for a Preliminary Injunction and Orders: (1) Freezing Assets; (2) Requiring Accountings; (3) Repatriating Assets; (4) Prohibiting The Destruction Of Documents; And (5) Granting Expedited Discovery is hereby GRANTED.

## II.

IT IS FURTHER ORDERED that Defendants Diversity Capital, DCBM, Strong's Capital, Optimus Fund, Meneses, Ferguson, and Ley, and their officers, agents, servants, employees, attorneys, subsidiaries and affiliates, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are preliminarily restrained and enjoined from, directly or indirectly, making use of any means or instruments of transportation or communication in interstate commerce or of the mails, to sell, to offer to sell, or to offer to buy any security, or carrying or causing securities to be carried through the mails or in interstate commerce, by any means or instruments of transportation, for the

purpose of sale or delivery after sale, in violation of Sections 5(a) and 5(c) of the Securities Act, 15 U.S.C. §§ 77(e)(a) & 77(e)(c).

### III.

IT IS FURTHER ORDERED that Defendants Diversity Capital, DCBM, Strong's Capital, Optimus Fund, Meneses, Ferguson, and Ley, and their officers, agents, servants, employees, attorneys, subsidiaries and affiliates, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are preliminarily restrained and enjoined from, directly or indirectly, in the offer or sale of any securities, by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails:

    A.    employing any device, scheme or artifice to defraud;

    B.    obtaining money or property by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    C.    engaging in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser

in violation of Section 17(a) of the Securities Act, 15 U.S.C. § 77q(a).

### IV.

IT IS FURTHER ORDERED that Defendants Diversity Capital, DCBM, Strong's Capital, Optimus Fund, Meneses, Ferguson, and Ley, and their officers, agents, servants, employees, attorneys, subsidiaries and affiliates, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are preliminarily restrained and enjoined from, directly or indirectly, in connection with the purchase or sale of any security, by the use of any means or instrumentality of interstate commerce, or of the mails, or of any facility of any

national securities exchange:

    A.    employing any device, scheme, or artifice to defraud;

    B.    making any untrue statement of a material fact or omitting to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    C.    engaging in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person

in violation of Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5 thereunder, 17 C.F.R. § 240.10b-5.

## V.

IT IS FURTHER ORDERED that all content shall be removed from the Internet web sites www.diversitycapital.co.nz, www.diversitydemexico.com, www.dcbm.com, and www.theoptimusfund.com, and any other web sites through which Defendants Diversity Capital, DCBM, Strong's Capital, Optimus Fund, Meneses, Ferguson, or Ley offer or advertise their purported foreign currency trading investment programs, and that Defendants Diversity Capital, DCBM, Strong's Capital, Optimus Fund, Meneses, Ferguson, and Ley shall take whatever action is required to remove the content from the above-described web sites.

## VI.

IT IS FURTHER ORDERED that, except as otherwise ordered by this Court, Defendants Diversity Capital, DCBM, Strong's Capital, Optimus Fund, Meneses, Ferguson, and Ley, and their officers, agents, servants, employees, attorneys, subsidiaries and affiliates, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are preliminarily restrained and enjoined from, directly or indirectly, transferring, assigning, selling, hypothecating, changing, wasting, dissipating, converting, concealing, encumbering, or otherwise

disposing of, in any manner, any funds, assets, securities, claims, or other real or personal property, including any notes or deeds of trust or other interests in real property, wherever located, of Defendants Diversity Capital, DCBM, Strong's Capital, Optimus Fund, Meneses, Ferguson, and/or Ley, and their subsidiaries and affiliates, whether owned by, controlled by, managed by or in the possession or custody of any of them, and from transferring, encumbering, dissipating, incurring charges or cash advances on any debit or credit card or the credit arrangement of Defendants Diversity Capital, DCBM, Strong's Capital, Optimus Fund, Meneses, Ferguson, and/or Ley.

## VII.

IT IS FURTHER ORDERED that, except as otherwise ordered by this Court, an immediate freeze shall be placed on all monies and assets (with an allowance for necessary and reasonable living expenses to be granted only upon good cause shown by application to the Court with notice to and an opportunity for the Commission to be heard) in all accounts at any bank, financial institution, brokerage firm, or Internet or "e-currency" payment processor, all certificates of deposit, and other funds or assets, such as personal or real property, held in the name of, for the benefit of, or over which account authority is held by Defendants Diversity Capital, DCBM, Strong's Capital, Optimus Fund, Meneses, Ferguson, and/or Ley, and/or Relief Defendants Juan Galindo Flores, a/k/a Juan Flores Galindo ("Flores") or Socorro Terlizzi ("Terlizzi") or any trust, partnership, joint venture, person or entity affiliated with any of them (including subsidiaries), including but not limited to the following accounts:

| Financial Institution, Bank or e-currency entity | Account Name | Account Number |
|---|---|---|
| Bank of America | Diversity Capital Investments, Inc. | XXXXX-X4233 |
| Bank of America | Diversity Capital Investments, Inc. | XXXXX-X7811 |

5

| | Financial Institution, Bank or e-currency entity | Account Name | Account Number |
|---|---|---|---|
| 1 2 | | | |
| 3 | Bank of America | Diversity Capital Investments, Inc. | XXXXX-X7830 |
| 4 5 | Bank of America | Diversity Capital Investments, Inc. Expense Account | XXXXX-X7816 |
| 6 | Bank of America | Diversity Capital Investments, Inc. Socorro Terlizzi | XXXXX-X4209 |
| 7 8 | Bank of America | Diversity Capital Investments, Inc. Socorro Terlizzi | XXXXX-X7243 |
| 9 | Bank of America | Diversity Capital Investments, Inc. Socorro Terlizzi | XXXXX-X4210 |
| 10 11 | Bank of America | Damian Meneses Socorro Terlizzi | XXXXX-X7247 |
| 12 | Bank of America | Joel S. Ley | XXXXX-X1338 |
| 13 | Bank of America | Joel S. Ley | XXXXX-X9953 |
| 14 | Bank of America | Joel S. Ley | XXXXX3823 |
| 15 | Bank of America | The Optimus Fund, Inc. | XXXXX-X1767 |
| 16 | Bank of America | The Optimus Fund, Inc. | XXXXX-X1766 |
| 17 | Bank of America | The Optimus Fund, Inc. | XXXXX-X0807 |
| 18 | Bank of America | Juan G. Flores | XXXXX-X7674 |
| 19 20 | Bank of America | Home Solutions SD Home Solutions, Inc. | XXXXX-X4231 |
| 21 | Bank of America | Home Solutions SD Home Solutions, Inc. | XXXXX-X4232 |
| 22 23 | Bank of America | Joseph Capital Investments LLC (Expense Account) | XXXXX-X4681 |
| 24 | Bank of America | SD Financial Solutions, Inc. | XXXXX-X4228 |
| 25 | Bank of America | Joseph Capital Investments LLC | XXXXX1573 |
| 26 | Bank of America | Joseph Capital Fund LP | XXXXXXX1574 |
| 27 | Bank of America | Juan Gabriel Flores-Galindo | XXXXX7674 |
| 28 | Citi Bank | Joel S. Ley | XXX3853 |

| Financial Institution, Bank or e-currency entity | Account Name | Account Number |
|---|---|---|
| Union Bank of America | Joel S. Ley | XXXXXX4092 |
| Wells Fargo Bank, N.A. | Strong's Capital Investments, Inc. | XXX-XXX7677 |
| Wells Fargo Bank, N.A. | SD Automotive | XXX-XXX6511 |
| Wells Fargo Bank, N.A. | SD Automotive | XXX-XXX8808 |
| Wells Fargo Bank, N.A. | SD Automotive | XXX-XXX5108 |
| Wells Fargo Bank, N.A. | SD Automotive | XXX-XXX6789 |
| Wells Fargo Bank, N.A. | SD Automotive | XXX-XXX1779 |
| Wells Fargo Bank, N.A. | SD Automotive | XXX-XXX8738 |
| Wells Fargo Bank, N.A. | Strong's Capital Investments, Inc. | XXX-XXX3051 |
| Wells Fargo Bank | Strong's Capital Investments, Inc. | XXXXXX7677 |

## VIII.

IT IS FURTHER ORDERED that representatives of the Commission are authorized to have continuing access to inspect or copy any or all of the corporate books and records and other documents of Diversity Capital, DCBM, Strong's Capital, and Optimus Fund, and their subsidiaries and affiliates, and continuing access to inspect their funds, property, assets and collateral, wherever located.

## IX.

IT IS FURTHER ORDERED that, except as otherwise ordered by this Court, Defendants Diversity Capital, DCBM, Strong's Capital, Optimus Fund, Meneses, Ferguson, and Ley, and their officers, agents, servants, employees,

1  attorneys, subsidiaries and affiliates, and those persons in active concert or
2  participation with any of them, who receive actual notice of this Order, by personal
3  service or otherwise, and each of them, be and hereby are preliminarily restrained
4  and enjoined from, directly or indirectly: destroying, mutilating, concealing,
5  transferring, altering, or otherwise disposing of, in any manner, any documents,
6  which includes all books, records, computer programs, computer files, computer
7  printouts, contracts, correspondence, memoranda, brochures, or any other
8  documents of any kind in their possession, custody or control, however created,
9  produced, or stored (manually, mechanically, electronically, or otherwise),
10 pertaining in any manner to Diversity Capital, DCBM, Strong's Capital, or
11 Optimus Fund.

## X.

13  IT IS FURTHER ORDERED that Defendants Diversity Capital, DCBM,
14 Strong's Capital, Optimus Fund, Meneses, Ferguson, and Ley shall, within five
15 days of the date of issuance of this Order, prepare and deliver to the Commission a
16 detailed and complete schedule of all assets of Diversity Capital, DCBM, Strong's
17 Capital, Optimus Fund, Meneses, Ferguson, and Ley, including all real and
18 personal property exceeding $5,000 in value, and all bank, securities, futures,
19 Internet payment processor, and other accounts identified by institution, branch
20 address and account number.  The accountings shall include a description of the
21 source(s) of all such assets.  Such accountings shall be filed with the Court and
22 copies shall be delivered to the attention of Teri M. Melson at the Commission's
23 Los Angeles Regional Office located at 5670 Wilshire Boulevard, 11th Floor, Los
24 Angeles, California 90036.  After completion of the accountings, Diversity Capital,
25 DCBM, Strong's Capital, Optimus Fund, Meneses, Ferguson, and Ley shall
26 produce to the Commission's Los Angeles Regional Office, at a time agreeable to
27 the Commission, all books, records and other documents supporting or underlying
28 the accountings.

## XI.

IT IS FURTHER ORDERED that the Commission's application for expedited discovery is granted and that, immediately upon entry of this Order, the Commission may take depositions upon oral examination and obtain document production from parties and non-parties subject to two business days notice; and may serve interrogatories and requests for admissions, subject to response within five calendar days of service. Service of all expedited discovery requests shall be proper if made upon the parties by facsimile, electronic mail, or overnight courier. The times applicable to discovery under the Federal Rules of Civil Procedure shall govern discovery requests propounded after the expiration of this Temporary Restraining Order.

## XII.

IT IS FURTHER ORDERED that, within ten days from the date of this Order, Defendants Diversity Capital, DCBM, Strong's Capital, Optimus Fund, Meneses, Ferguson, and Ley, and Relief Defendants Flores and Terlizzi, and each of them, shall transfer to the registry of this Court all assets, funds, and other property held in foreign locations in the name of Diversity Capital, DCBM, Strong's Capital, Optimus Fund, Meneses, Ferguson, Ley, Flores or Terlizzi, or for the benefit or under the direct or indirect control of any of them, or over which any of them exercise control or signatory authority.

///
///
///
///
///
///
///
///

## XIII.

IT IS FURTHER ORDERED that this Court shall retain jurisdiction over this action for the purpose of implementing and carrying out the terms of all orders and decrees which may be entered herein and to entertain any suitable application or motion for additional relief within the jurisdiction of this Court.

IT IS SO ORDERED.

DATED: August 17, 2009

TIME: 3:15 o'clock p.m.

_____
HONORABLE OTIS D. WRIGHT II
UNITED STATES DISTRICT JUDGE

Presented by:

/s/ David J. Van Havermaat
David J. Van Havermaat
Lorraine B. Echavarria
Teri M. Melson
Attorneys for Plaintiff
Securities and Exchange Commission

10