1
2
3
4
5
6
7
8

## UNITED STATES DISTRICT COURT

9

## CENTRAL DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11  SECURITIES AND EXCHANGE | Case No. CV 09-5449 ODW (RCx) |
| 12  COMMISSION, | **FINAL JUDGMENT OF** |
|  | **PERMANENT INJUNCTION AND** |
| 13            Plaintiff, | **OTHER RELIEF AGAINST** |
|  | **DEFENDANTS DIVERSITY** |
| 14        vs. | **CAPITAL BANCORP DE MEXICO** |
|  DIVERSITY CAPITAL | **LTD., STRONG'S CAPITAL** |
| 15  INVESTMENTS, INC.; DIVERSITY | **INVESTMENTS, INC., THE** |
|  CAPITAL BANCORP DE MEXICO | **OPTIMUS FUND, INC., DAMIAN** |
| 16  LTD.; STRONG'S CAPITAL | **MENESES, AND JOEL S. LEY, JR.,** |
|  INVESTMENTS, INC.; THE | **AND RELIEF DEFENDANT** |
| 17  OPTIMUS FUND, INC.; DAMIAN | **SOCORRO TERLIZZI** |
| 18  MENESES; EDWARD LANTZ | |
|  FERGUSON, and JOEL S. LEY, JR. | |
| 19 | |
| 20            Defendants, | |
| 21  And | |
| 22 | |
|  JUAN GALINDO FLORES and | |
| 23  SOCORRO TERLIZZI, | |
| 24  Relief Defendants. | |
| 25 | |

26
27
28

Plaintiff Securities and Exchange Commission ("Commission") filed a Motion for Entry of Final Judgment by Default Against Defendants Diversity Capital Bancorp de Mexico Ltd. ("DCBM"), Strong's Capital Investments, Inc. ("Strong's"), The Optimus Fund, Inc. ("Optimus"), Damian Meneses ("Meneses"), and Joel S. Ley, Jr. ("Ley"), and Relief Defendant Socorro Terlizzi ("Terlizzi") ("Motion for Final Judgment"), pursuant to Rule 55 of the Federal Rules of Civil Procedure. The Court, having considered the Commission's Motion, the memorandum of points and authorities filed in support of the Motion, the declarations, and all other documents filed in support of the Motion, and all other evidence and argument presented regarding the Motion, finds that:

## I.

IT IS ORDERED that the Commission's Motion for Final Judgment against defendants DCBM, Strong's, Optimus, Meneses, and Ley, and relief defendant Terlizzi, is hereby GRANTED.

## II.

IT IS HEREBY FURTHER ORDERED that defendants DCBM, Strong's, Optimus, Meneses, and Ley, and their agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5, by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a)     to employ any device, scheme, or artifice to defraud;

(b)     to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c)   to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

**III.**

IT IS HEREBY FURTHER ORDERED that defendants DCBM, Strong's, Optimus, Meneses, and Ley, and their agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. § 77q(a), in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a)   to employ any device, scheme, or artifice to defraud;

(b)   to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c)   to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

**IV.**

IT IS HEREBY FURTHER ORDERED that defendants DCBM, Strong's, Optimus, Meneses, and Ley, and their agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating Sections 5(a) and 5(c) of the Securities Act, 15 U.S.C. § 77e, by, directly or indirectly, in the absence of any applicable exemption:

(a)   Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in

-2-

interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

(b) Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c) Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

## V.

IT IS HEREBY FURTHER ORDERED that defendants DCBM, Strong's, Optimus, Meneses, and Ley are jointly and severally liable for disgorgement of $25,566,932, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $85,267, for a total of $25,652,199. Defendants shall satisfy this obligation by paying $25,652,199 within 14 days after entry of this Final Judgment to the Clerk of this Court, together with a cover letter identifying the remitter as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment. Defendants shall simultaneously transmit photocopies of such payment and letter to the Commission's counsel in this action. By making this payment, defendants relinquish all legal and equitable right, title, and interest in such funds, and no part of the funds shall be returned to any of the defendants. The Clerk shall deposit the funds into an interest

bearing account with the Court Registry Investment System or any other type of interest bearing account that is utilized by the Court. These funds, together with any interest and income earned thereon (collectively, the "Fund"), shall be held in the interest bearing account until further order of the Court. In accordance with 28 U.S.C. § 1914 and the guidelines set by the Director of the Administrative Office of the United States Courts, the Clerk is directed, without further order of this Court, to deduct from the income earned on the money in the Fund a fee equal to ten percent of the income earned on the Fund. Such fee shall not exceed that authorized by the Judicial Conference of the United States. The Commission may propose a plan to distribute the Fund subject to the Court's approval. Defendants shall pay post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

## VI.

IT IS HEREBY FURTHER ORDERED that relief defendant Terlizzi is liable for disgorgement of $348,424, representing profits gained as a result of the conduct alleged in the Complaint for which she gave no consideration and to which she has no legitimate claim, together with prejudgment interest thereon in the amount of $1,162, for a total of $349,586. Terlizzi shall satisfy this obligation by paying $349,586 within 14 days after entry of this Final Judgment to the Clerk of this Court, together with a cover letter identifying her as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment. Terlizzi shall simultaneously transmit photocopies of such payment and letter to the Commission's counsel in this action. By making this payment, Terlizzi relinquishes all legal and equitable right, title, and interest in such funds, and no part of the funds shall be returned to her. The Clerk shall deposit the funds into the Fund, described above. In accordance with 28 U.S.C. § 1914 and the guidelines set by the Director of the Administrative Office of the United States Courts, the Clerk is directed, without further order of this Court, to deduct from the income earned on the money in the Fund a fee equal to ten percent of

1  the income earned on the Fund. Such fee shall not exceed that authorized by the

2  Judicial Conference of the United States. The Commission may propose a plan to

3  distribute the Fund subject to the Court's approval. Terlizzi shall pay post-judgment

4  interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

5  **VII.**

6      IT IS FURTHER ORDERED that this Court shall retain jurisdiction of this

7  matter for the purposes of enforcing the terms of this Final Judgment.

8  **VIII.**

9      There being no just reason for delay, pursuant to Rules 54(b) and 55 of the

10  Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment

11  forthwith and without further notice.

12

13

14  Dated: <u>May 10, 2010</u>

15  _____

16      HONORABLE OTIS D. WRIGHT II

17      UNITED STATES DISTRICT JUDGE

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28