DAVID J. VAN HAVERMAAT (Cal. Bar No. 175761)
E-mail: vanhavermaatd@sec.gov
TERI M. MELSON (Cal. Bar No. 185209)
E-mail: melsont@sec.gov

Attorneys for Plaintiff
Securities and Exchange Commission
Rosalind R. Tyson, Regional Director
Michele Wein Layne, Associate Regional Director
John M. McCoy III, Regional Trial Counsel
5670 Wilshire Boulevard, 11th Floor
Los Angeles, California 90036
Telephone:   (323) 965-3998
Facsimile:    (323) 965-3908

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>            Plaintiff,<br><br>      vs.<br><br>DIVERSITY CAPITAL INVESTMENTS, INC.; DIVERSITY CAPITAL BANCORP DE MEXICO LTD.; STRONG'S CAPITAL INVESTMENTS, INC.; THE OPTIMUS FUND, INC.; DAMIAN MENESES; EDWARD LANTZ FERGUSON, and JOEL S. LEY, JR.<br><br>            Defendants,<br><br>and<br><br>JUAN GALINDO FLORES and SOCORRO TERLIZZI,<br><br>            Relief Defendants. | Case No. CV 09-5449 ODW (RCx)<br><br>**FINAL JUDGMENT AS TO DEFENDANT EDWARD LANTZ FERGUSON** |

Plaintiff Securities and Exchange Commission having filed a Complaint and Defendant Edward Lantz Ferguson ("Defendant") having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

**I.**

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5, by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a)     to employ any device, scheme, or artifice to defraud;

(b)     to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c)     to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

///
///
///
///

## II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. § 77q(a), in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

 (a) to employ any device, scheme, or artifice to defraud;

 (b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

 (c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

## III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 5 of the Securities Act, 15 U.S.C. § 77e, by, directly or indirectly, in the absence of any applicable exemption:

 (a) Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

///

(b)     Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c)     Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act, 15 U.S.C. § 77h.

**IV.**

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is jointly and severally liable with defendants Diversity Capital Bancorp de Mexico, Ltd., Strong's Capital Investments, Inc., The Optimus Fund, Inc., Damian Meneses, and Joel S. Ley, Jr. for disgorgement of $587,516, representing profits gained and/or losses avoided as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $23,868, for a total of $611,384.  Based on Defendant's sworn representations in his Statement of Financial Condition dated July 27, 2010 and other documents and information submitted to the Commission, the Court is not ordering Defendant to pay a civil penalty.  Defendant shall assign to the Commission all of his rights and interests in the following assets and claims:

1.      All payments made into the registry of the Court and all payments due and owing in the future under a Note Secured by Security Agreement dated November 9, 2007, executed by Gian Curry ("Curry") on behalf of Blue Rhino, Inc. ("Blue Rhino"), pursuant to which Curry and/or

Blue Rhino promise to pay the principal amount of $280,000, plus interest at 8.75% per annum (as of August 10, 2010, the outstanding balance on the note is approximately $60,100);

2.     The balance in account no. 2374526511 maintained at Wells Fargo Bank, N.A., in the name of SD Automotive Holdings Inc. (approximately $12,440);

3.     The balance in account no. 33209365 maintained with Scottrade, Inc., in the name of Edward Ferguson (approximately $176); and

4.     All funds deposited with the registry of the Court pursuant to an Order entered by the Court on November 13, 2009 (Docket No. 54), including all funds deposited by Curry, Blue Rhino, and Defendant (approximately $48,232).

Based upon Defendant's assignment to the Commission of all of his rights and interests in the assets and claims listed above and Defendant's sworn representations in his Statement of Financial Condition dated July 27, 2010 and other documents and information submitted to the Commission, the Commission will waive and deemed satisfied the outstanding balance of Defendant's disgorgement and prejudgment interest obligations based upon the Commission's receipt of the funds arising from the assets and claims listed above. In the event that Defendant does not execute all documents necessary to turn over to the Commission all of the assets listed above, Defendant shall also pay post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

Defendant shall timely execute all documents necessary to transfer title, without encumbrances, of the foregoing assets to the Commission. The Clerk of the Court is directed to transfer all funds deposited with the registry of the Court pursuant to the Order entered by the Court on November 13, 2009 within 14 days after entry of this Final Judgment to the Securities and Exchange Commission. With respect to the accounts listed above that are maintained with Wells Fargo

4

Bank, N.A. (account no. 2374526511) and Scottrade, Inc. (account no. 33209365), those entities are directed to forward the full balances in the identified accounts within 14 days after entry of this Final Judgment to the Securities and Exchange Commission. All payments shall be made by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission. The payments shall be delivered or mailed to the Office of Financial Management, Securities and Exchange Commission, Operations Center, 6432 General Green Way, Mail Stop 0-3, Alexandria, Virginia 22312. The Commission shall remit the funds paid to the United States Treasury.

The determination not to impose a civil penalty and to waive payment of the balance of disgorgement and prejudgment interest, upon the conditions set forth above, is contingent upon the accuracy and completeness of Defendant's Statement of Financial Condition. If at any time following the entry of this Final Judgment the Commission obtains information indicating that Defendant's representations to the Commission concerning his assets, income, liabilities, or net worth were fraudulent, misleading, inaccurate, or incomplete in any material respect as of the time such representations were made, the Commission may, at its sole discretion and without prior notice to Defendant, petition the Court for an order requiring Defendant to pay the unpaid portion of the disgorgement, prejudgment and post-judgment interest thereon, and the maximum civil penalty allowable under the law. In connection with any such petition, the only issue shall be whether the financial information provided by Defendant was fraudulent, misleading, inaccurate, or incomplete in any material respect as of the time such representations were made. In its petition, the Commission may move this Court to consider all available remedies, including, but not limited to, ordering Defendant to pay funds or assets, directing the forfeiture of any assets, or sanctions for contempt of this Final Judgment. The Commission may also request additional discovery. Defendant may not, by way of defense to such petition: (1) challenge the validity of the

5

Consent or this Final Judgment; (2) contest the allegations in the Complaint filed by the Commission; (3) assert that payment of disgorgement, prejudgment and post-judgment interest or a civil penalty should not be ordered; (4) contest the amount of disgorgement and prejudgment and post-judgment interest; (5) contest the imposition of the maximum civil penalty allowable under the law; or (6) assert any defense to liability or remedy, including, but not limited to, any statute of limitations defense.

## V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent of Defendant Edward Lantz Ferguson is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

## VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

Dated:  August 31, 2010

_____
HONORABLE OTIS D. WRIGHT III
UNITED STATES DISTRICT JUDGE